# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1090

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Rogelio Vera-Navarro, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 5, 2003

Filed: June 12, 2003

_____

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD, and SMITH, Circuit
Judges.

_____

PER CURIAM.

Rogelio Vera-Navarro pleaded guilty to illegal reentry following deportation,
in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced him to 70 months
imprisonment and 2 years supervised release. On appeal, Mr. Vera-Navarro's counsel
has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738
(1967), arguing that the district court should have granted a downward departure

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court
for the Southern District of Iowa.

under U.S.S.G. § 5K2.11, p.s. (lesser harms) and § 5K2.12, p.s. (coercion and duress). Mr. Vera-Navarro asserts, pro se, that he was never comfortable with his attorney and felt as if he was "railroaded from the start," and urges us to reduce his sentence.

Given the district court's explicit recognition of its authority to depart, its decision not to depart is unreviewable. See <u>United States v. Orozco-Rodriguez</u>, 220 F.3d 940, 942 (8th Cir. 2000). Further, any ineffective-assistance argument that Mr. Vera-Navarro may be trying to raise is not properly before us. See <u>United States v. Martin</u>, 59 F.3d 767, 771 (8th Cir. 1995).

Following careful review of the record, see <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues. Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.